

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2005

# Zurich v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Zurich v. Comm Social Security" (2005). *2005 Decisions.* Paper 441.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/441

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1103

JOHN T. ZURICH,
                                    Appellant
                    vs.

COMMISSION OF SOCIAL SECURITY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 03-CV-05014 )
District Judge:   Honorable Joel A. Pisano
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2005
Before:   RENDELL, FUENTES and WEIS, Circuit Judges.

(Filed: October 7, 2005)
_____

OPINION
_____

WEIS, Circuit Judge.

        Plaintiff, now 65 years of age, applied for disability benefits under the

Social Security Act.  He alleges that he suffers from hypertension, longstanding

alcoholism, liver disease, liver impairment, and obesity.  On April 7, 2003, the ALJ found

1

that plaintiff was capable of performing his past relevant work as a driver and security guard and, on that basis, denied benefits.

In a comprehensive opinion reviewing the record, including the medical reports, the District Court found that substantial evidence supported the ALJ's decision. We note that as of April 8, 2003, the day after the ALJ's ruling, plaintiff received an award for future benefits. Consequently, the issue before us is whether plaintiff was entitled to benefits from September 24, 2001 to April 8, 2003, the period during which he did not receive any payments.

We uphold the Social Security Commission's decision to deny an application for Social Security benefits if there is substantial evidence to support the decision. 42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "more than a mere scintilla" and as evidence which "a reasonable mind might accept to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

As the District Court concluded in its well-reasoned opinion, there was substantial evidence to support the Commission's finding. As noted earlier, the Court reviewed the record in this case very carefully. We have done so as well and see no reason to repeat the District Court's discussion. We agree with the denial of the plaintiff's application and essentially for the reasons stated in the District Court opinion,

2

we will affirm.